# NO. 12-21-00149-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *ELISABETH GAUTHIER CRUM,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*

Elisabeth Gauthier Crum filed this original proceeding to complain of Respondent's ordering the case to trial in violation of Crum's right to a jury trial and when discovery is not complete.[1]  We deny the writ.

### BACKGROUND

Relator is the daughter of Suzanne Steed, deceased.  Real Party in Interest Joseph Ransom Gauthier, Steed's son, filed a first amended petition for declaratory judgment, application to probate will and for issuance of letters testamentary, and application to determine heirship on October 26, 2020.  Crum and another of Steed's children, Charles Andrew Lee, filed oppositions to Gauthier's filing.[2]

Respondent set the contests for an August 27, 2021, hearing.  On June 18, Crum and Lee filed a motion for continuance of the will contest on grounds that additional discovery was required.  Respondent moved the hearing date to September 9.  On August 26, Crum and Lee filed a demand for a jury trial.  On September 2, Crum filed a motion for continuance to accommodate the jury demand.  On September 9, Respondent signed an order denying the motion for

---

[1] Respondent is the Honorable Sarah Tunnell Clark, Judge of the County Court at Law in Houston County, Texas.

[2] Lee is not a relator in this case.

continuance and finding the jury request to be untimely made. Crum subsequently filed this original proceeding, and this Court granted her request for a stay of Respondent's order.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.).

## JURY DEMAND

The denial of a trial by jury is reviewable by mandamus. *In re Prudential*, 148 S.W.3d 124, 139 (Tex. 2004) (orig. proceeding). Texas Rule of Civil Procedure 216 provides that no jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance. TEX. R. CIV. P. 216(a). But even when a request is untimely, "a trial court should accord the right to jury trial if it can be done without interfering with the court's docket, delaying the trial, or injuring the opposing party." *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997) (orig. proceeding).

In *Gayle*, on which Crum relies, General Motors filed a jury request on January 3, 1996, the day of trial, after discovering for the first time that the case was on the non-jury docket, and sought a continuance to allow its request to become timely. *Id*. at 471, 476. The trial court denied the motion for continuance and called the case for nonjury trial on January 5. *Id*. at 476. Under the unique facts of the case, the Texas Supreme Court agreed with General Motors' contention that the trial court abused its discretion by refusing to grant a continuance for at least thirty days, which would have made General Motors' jury request and payment timely. *Id*. The Supreme Court explained that the trial court conceded that the case was not ready for trial. *Id*. at 477. Due to outstanding discovery issues, including resolution of the plaintiffs' motion to attend crash tests, the trial court decided not to hear evidence until January 29, twenty-six days after General Motors paid its jury fee. *Id*. But the trial court acknowledged that outstanding discovery issues would

2

probably cause further multiple delays. *Id*. At a January 10 discovery hearing, the trial court again confirmed that trial would be delayed by ongoing discovery. *Id*. The Texas Supreme Court concluded as follows:

> We recognize that occasionally the exigencies of a crowded docket will require a judge to interrupt a bench trial, or even conduct it in segments. But here the trial judge commenced the nonjury trial in the teeth of a demand for a jury trial, timing the proceedings to avoid the requirements of Rule 216(a), with no expectation of reaching the heart of the case for some weeks or months. In light of such preordained delays, General Motors established that a thirty-day continuance to perfect General Motors' jury trial demand would not cause the Delarosas any injury or delay. In fact, the trial court's seriatim trial schedule seems only a sham to hold General Motors to its mistake in not paying the jury fee without penalizing the other side. Under these particular and unusual circumstances, we hold that the trial court abused its discretion by not granting a continuance to allow General Motors' jury request and fee to become timely.

*Id*.

Here, Crum filed her jury demand on August 26, less than thirty days before the scheduled September 9 bench trial. She also filed a motion for continuance. In her order denying the jury demand and continuance, Respondent stated that the facts differ from those in *Gayle*:

> …This case was set for a bench trial by agreement of the parties. The Court has an obligation to resolve these cases so that property of the deceased can be secured by the appointment of an Executor or Administrator. The movant for the Continuance has also moved for the Temporary Restraining Order due to an allegation of lack of insurance on the premises which are alleged continuing to be used as an event venue, bringing to the Court's attention the need to resolve the remaining matters in the case. An Administration of the Estate is necessary as soon as possible. The Court was not convinced that the request for additional time for discovery was necessary as witnesses could be called to testify for the hearing before the Court on September 9, 2021.

We agree with Respondent's conclusion that *Gayle* is distinguishable from the present case.

Unlike in *Gayle*, the parties here were not operating under a mistaken belief that a jury trial would be had. Rather, Crum's counsel previously represented to Respondent that Crum was not seeking a jury trial. Also unlike *Gayle*, at the time Respondent made her ruling, there was no indication that this case would be subject to a multitude of future delays such that there was no expectation of reaching the heart of the case for a prolonged period of time. In their August demand for jury trial, Crum and Lee stated that the demand was made because of information obtained at depositions taken on August 21, which uncovered fact issues that should be tried to a jury. In her motion for continuance, Crum stated that she "uncovered information during discovery that [she] desires to present before a jury" and she would suffer substantial harm or

3

prejudice in the presentation of her case absent a continuance. At a status hearing, Crum's counsel represented that Gauthier's schedule prevented him from being deposed until August 21 and counsel had no opportunity to review the transcript. He reiterated the position that information came to light during the deposition that established a jury trial would be the best way to proceed and further expressed his belief that additional discovery was needed. Lee's counsel added that he noticed a deposition for the end of September, but as Respondent noted, no one offered reasons establishing the necessity of the deposition. Crum's counsel also relied on Gauthier's filing of a summary judgment motion, which required a twenty-one day response time before a hearing could be had. Accordingly, counsel maintained that Gauthier would not be prejudiced by the delay because the summary judgment response time would fall outside thirty days from the jury demand. However, at that same hearing, Gauthier's counsel withdrew the summary judgment motion.

Respondent noted that Crum sought a temporary restraining order regarding property in dispute and expressed the need for an expeditious resolution. Because of this request, Respondent stated, "So, you know, you yourself have raised an issue that there's going to be harm caused from one party or the other if we don't go ahead and move on the case." Respondent further expressed concern over the extra burden on the court given the difficulties of empaneling a jury, particularly because of COVID-19, and stated that the court would be unable to accommodate a jury trial until the following spring or summer.

Accordingly, the circumstances of this case reflect a need for an expeditious resolution due to the nature of property involved and do not reflect that the jury demand could be accommodated without interfering with Respondent's docket or causing harm to the parties. *See* ***In re City of Dallas***, 445 S.W.3d 456, 463 (Tex. App.—Dallas 2014, orig. proceeding) ("trial court has a duty to schedule cases in a manner that will result in the expeditious resolution of disputes"). For this reason, we cannot conclude that Respondent abused her discretion by declining to honor Crum's jury demand. *See* ***id***. ("We will not interfere with the trial court's discretion to manage its docket without a clear showing of abuse").

### INCOMPLETE DISCOVERY

Crum also argues that mandamus is warranted because Respondent ordered the case to trial while discovery was substantially incomplete. According to Crum, depositions have been

4

noticed for September 28, 2021, and the need for such depositions did not become apparent until the depositions taken on August 21 occurred. She further maintains that complete transcripts of the August 21 depositions had not been provided as of the date of her mandamus petition. She argues, "The need for continued discovery in this matter makes the continuance of the hearing set for September 9, 2021, necessary." Pursuant to Crum's request, this Court stayed Respondent's order denying the motion for continuance and for jury demand pending further order of this Court. This Court's order did not stay discovery. The September 9 hearing date and the September 28 deposition date have long passed. Given this Court's conclusion that Respondent did not abuse her discretion by denying the jury demand and the fact that several months have passed since Crum filed her petition for writ of mandamus, essentially giving the parties additional time to pursue discovery, we conclude that this issue is now moot. *See* TEX. R. APP. P. 47.1; *see also **In re Molina Healthcare, Inc.**,* No. 01-20-00582-CV, 2021 WL 2096727, at \*1 (Tex. App.— Houston [1st Dist.] May 25, 2021, orig. proceeding) (mem. op.) (per curiam) ("Because we granted Molina's motion to stay the September 7, 2020 trial setting, Molina's challenge to the trial court's August 15, 2020 order denying its motion for continuance has been rendered moot"); ***In re Tex. Constr. Specialists, L.L.C.***, No. 01-18-01028-CV, 2019 WL 543691, at \*1 (Tex. App.— Houston [1st Dist.] Feb. 12, 2019, orig. proceeding) (mem. op.) (per curiam) (dismissing as moot mandamus petition challenging refusal to rule on motion to continue trial setting where appellate court granted motion staying trial setting); ***In re Hite***, No. 12-18-00121-CV, 2018 WL 2715300, at \*2 (Tex. App.—Tyler June 6, 2018, orig. proceeding) (mem. op.) (if controversy no longer exists between the parties, the case becomes moot).

## DISPOSITION

Having determine that Respondent did not abuse her discretion by denying Crum's untimely demand for a jury trial, we ***deny*** the petition for writ of mandamus. We ***lift*** our stay of September 8, 2021.

**GREG NEELEY**
Justice

Opinion delivered January 12, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 12, 2022**

**NO. 12-21-00149-CV**

**ELISABETH GAUTHIER CRUM,**
Relator
V.

**HON. SARAH TUNNELL CLARK,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Elisabeth Gauthier Crum; who is the relator in appellate cause number 12-21-00149-CV and a party in trial court cause number 09990, pending on the docket of the County Court at Law of Houston County, Texas. Said petition for writ of mandamus having been filed herein on September 8, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*